MEMORANDUM OPINION
{¶ 1} On March 2, 2004, appellants, Charlene M. Simmons, William J. Creech, Donna M. Creech, Joseph Varmuzek, and Patricia Varmuzek, filed a notice of appeal from a February 26, 2004 judgment of the Trumbull County Court of Common Pleas. In that judgment, the trial court denied appellants' request for a temporary restraining order.
 {¶ 2} Specifically, the five appellants are owners of real estate located near State Route 534 in Trumbull County, Ohio. They sought a temporary restraining order to prohibit appellees, the Trumbull County Engineer and the Trumbull County Board of Commissioners, from digging a small ditch across their properties for the purpose of alleviating flooding on Hallock-Young Road that occurs during periods of heavy rain. Appellants claimed that they would "suffer great and irreparable damage for which [they] have no adequate remedy at law."
 {¶ 3} In denying appellants' motion for a temporary restraining order, the trial court held that appellants "failed to prove loss or irreparable damages and moreover * * * failed to prove that there is no adequate remedy at law." The trial court stated that appellants' own witnesses testified that damages would be minimal.
 {¶ 4} On March 4, 2004, appellee, Trumbull County Board of Commissioners, filed a motion to dismiss this appeal due to lack of a final appealable order. On March 9, 2004, appellee, Trumbull County Engineer, also filed a motion to dismiss this appeal on the same basis set forth in the earlier filing. On March 10, 2004, appellants filed a memorandum opposing the motions to dismiss.
 {¶ 5} It is apparent that the Trumbull County Engineer was intent on proceeding under R.C. 5543.12 which states, in relevant part, "the County Engineer * * * may enter immediately * * * upon any land adjacent to any of the highways in the County for purposes of opening an existing ditch or drain, or for digging a new ditch or drain for the free passage of water for the drainage of highways."
 {¶ 6} Appellees now argue that this appeal must be dismissed because the denial of a temporary restraining order is simply an interlocutory order which is not immediately subject to appellate review. In response, appellants claim that to permit appellees to enter upon the property and dig a ditch would cause irreparable damages which could not be adequately addressed if an appeal was not immediate.
 {¶ 7} It is clear to this court that a proper analysis of the final appealable order issue begins and ends with R.C.2505.02(B)(4). That subsection of the "final order" statute provides that a trial court's judgment is appealable when: (1) the judgment either grants or denies a provisional remedy; (2) the judgment fully determines the case regarding the provisional remedy; and (3) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment on all issues and claims in the case.
 {¶ 8} It is well established that a temporary restraining order is a provisional remedy. In re Georskey (July 20, 2001), 11th Dist. No. 2000-G-2299, 2001 Ohio App. LEXIS 3287. Furthermore, it is clear that the trial court's judgment in the case sub judice fully determined the case regarding the temporary restraining order. Thus, the pivotal question that must be addressed is whether or not appellants would be afforded a meaningful or effective remedy if they had to delay an appeal until after a final judgment was reached as to all issues and claims.
 {¶ 9} It is undisputed that the Trumbull County Engineer would be acting under authority of R.C. 5543.12 by immediately entering upon the property in question to alleviate a potentially dangerous situation on a county road. Pursuant to R.C. 5543.13, if the parties could not reach an agreement as to damages, a damage hearing would then be conducted to determine what amount of restitution appellants would be entitled to due to the work on their property.
 {¶ 10} Appellants assert that irreparable harm would be done to their property, although they admit that they are not sure of how the property will be affected because appellees have not presented a plan yet.
 {¶ 11} Based upon these facts, we must conclude that appellants will have a meaningful and effective remedy by delaying an appeal until the case is concluded. There is no indication that monetary damages would not be able to adequately compensate appellants for their loss.
 {¶ 12} Accordingly, appellees' motions to dismiss this appeal are hereby granted.
 {¶ 13} The appeal is dismissed.
Appeal dismissed.
Christley and Rice, JJ., concur.