DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court sua sponte. Because appellant, the city of Perrysburg, has a meaningful and effective remedy by an appeal following final judgment as to all proceedings, we find that this case must be dismissed for failure of a final appealable order.
 {¶ 2} Appellees are a group of Perrysburg Township residents who live in the Willowbend subdivision. They all received a letter from appellant, the city of Perrysburg, stating that their water service would be terminated on August 6, 2003, if they did not sign the petition for annexation by August 5, 2003. On August 5, appellees filed a complaint for preliminary and permanent injunction against appellant and moved for a temporary restraining order. The trial court granted the motion and issued a temporary restraining order, requiring appellant to continue to provide water to appellees at their residences and set a hearing on a preliminary injunction. Appellant answered the complaint and filed a memorandum in opposition to the preliminary injunction. An amended verified complaint for preliminary and permanent injunctive relief, adding seven new claims, was filed on August 13, 2003. A hearing on appellees' request for preliminary injunction was held the next day. After receiving evidence and argument of counsel, the trial court granted appellees a preliminary injunction, ordering appellant to continue to provide water to appellees and to similarly situated residences in the Willowbend subdivision of Perrysburg. It also prohibited appellant from threatening to turn off water or otherwise induce appellees or residents to sign annexation petitions. The trial court then added there is no just reason for delay. It is from this order that appellant appeals.
 {¶ 3} It is well established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, except that courts of appeals shall not have jurisdiction to review on direct appeal a judgment that imposes a sentence of death. Courts of appeals shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies." Section 3(B)(2), Article IV, Ohio Constitution. See, also, R.C. 2505.03.
 {¶ 4} An order of a court is final and appealable only if it meets the requirements of both R.C. 2505.02 and Civ.R. 54(B). R.C. 2505.02 provides in pertinent part:
 {¶ 5} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 8} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 12} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 13} A "provisional remedy" is defined as "a proceeding ancillary to an action" and expressly includes a proceeding for a preliminary injunction. R.C. 2505.02(A)(3). Thus, an order denying or granting a preliminary injunction is a final appealable order if it satisfies the two prongs of R.C.2505.02(B)(4). In this case, the first prong has been established. The trial court issued an order granting a preliminary injunction. That order determines the action with respect to the provisional remedy and prevents judgment in favor of appellant with regard to that provisional remedy.
 {¶ 14} The problem is the second prong. Appellant has to be deprived of a meaningful and effective remedy if it cannot appeal now. In Woodbridge Condominium Owners' Assn. v. Friedland, 11th Dist. No. 2003-L-073, 2004-Ohio-14, at ¶ 4, it was recently noted that: "It is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order." In this case, appellees are ultimately seeking a permanent injunction to prevent appellant from forcing them to sign an annexation petition by terminating their water service. There is nothing in the record that shows that appellant's ability to obtain relief will be destroyed if it cannot appeal now.
 {¶ 15} The primary goal of preliminary injunctive relief is to preserve the status quo pending final determination of the matter. Premier Health Care Servs., Inc. v. Schneiderman (Dec. 28, 2001), 2d Dist. No. 18795. At present, the status quo is being maintained. While we acknowledge that appellant's ability to go forward with annexation may be delayed by waiting to appeal the preliminary injunction after final judgment, the delay, itself, must deprive appellant of any meaningful remedy. SeeSwartzbaugh v. Bethel Twp. Bd. of Trustees (Oct. 10, 2002), 2d Dist. No. 02-CA-30, citing Westfall v. Cross (2001),144 Ohio App.3d 211, 218. If this case were to proceed to final judgment and the trial court granted a permanent injunction to appellees, appellant would still have the right to appeal that judgment to this court. If we then reversed the decision of the trial court, appellant would be able to acquire the signatures and proceed with the annexation process.
 {¶ 16} Finally, we note that the trial court did state in its judgment entry that there is no just reason for delay pursuant to Civ.R. 54(B). This determination, however, does not serve to make an otherwise non-final order final and appealable. Noble v.Colwell (1989), 44 Ohio St.3d 92, 96. As this court has held in the past, the phrase "no just reason for delay" is not a mystical incantation which transforms a non-final order into a final appealable order. Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86.
 {¶ 17} We, therefore, find that the trial court's granting of appellees' motion for a preliminary injunction does not satisfy the requirements of a final appealable order under R.C.2505.02(B)(4).[1] This matter is hereby dismissed for lack of final appealable order. Costs assessed to appellant.
Appeal Dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.
[1] Furthermore, we note that appellant did not file a transcript of the preliminary injunction hearing. While appellant represents that the only evidence submitted by appellees were three letters, appellees dispute this and contend that the letters were submitted for a different matter and that they also submitted the affidavit of the Wood County Health Commissioner as evidence. These statements are not part of the official record and cannot be considered. Without a transcript, this court does not know what evidence was before the trial court; therefore, we would be forced to presume the regularity of the proceedings.