JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendants-appellants, City of East Cleveland and Eric J. Brewer, Mayor, appeal from the decision of the Cuyahoga County Court of Common Pleas *Page 3 
that granted the request for a preliminary injunction pending binding arbitration of plaintiffs-appellees, East Cleveland Firefighters, IAFF Local 500, AFL-CIO and Curtis Jackson, individually and on behalf of the union. We dismiss the appeal due to a lack of a final appealable order and because the appeal is now moot.
 {¶ 2} A preliminary injunction is a provisional remedy. R.C.2505.02(A)(3). Thus, an order denying or granting a preliminary injunction is a final appealable order if it satisfies the two prongs of R.C. 2505.02(B)(4), which require the following: "(a) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and "(b) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 3} Here, appellees concede that the first prong is satisfied. Indeed, the trial court issued an order granting a preliminary injunction and that order determines the action with respect to the provisional remedy and prevented a judgment in favor of appellants with regard to that provisional remedy.
 {¶ 4} The second prong is more problematic. In order to satisfy the second prong, appellants must be deprived of a meaningful and effective remedy if they cannot appeal now. Deyerle v. City of Perrysburg, Wood App. No. WD-03-063, 2004-Ohio-4273. Appellants are unable to establish that this requirement is satisfied. *Page 4 
 {¶ 5} It is well recognized that the purpose of a preliminary injunction pending arbitration is to preserve the status quo of the parties pending a decision on the merits. See State ex rel. CNGFinancial Corp. v. Nadel, 111 Ohio St.3d 149, 152, 2006-Ohio-5344;Dunkelman v. The Cincinnati Bengals, Inc., 158 Ohio App.3d 604, 614,2004-Ohio-6425; Proctor Gamble Co. v. Stoneham (2000),140 Ohio App.3d 260; see, also, Nationwide Mutual Ins. Co. v. Universal FidelityCorp. (July 15, 2002), S.D.Ohio No. C2-01-1271 (recognizing that injunctions pending arbitration should ordinarily be limited to preserving the status quo so that the arbitration is not a "hollow proceeding"); Parsley v. Terminix Internatl. Co. (Sept. 15, 1998), N.D. Ohio No. C-3-97-394 (recognizing preliminary injunction is only warranted when necessary to preserve the meaningfulness of the arbitration process). This court has previously found that a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02. SeeZappitelli v. Miller, Cuyahoga App. No. 85895, 2006-Ohio-279;Modesty v. Michael H. Peterson Assocs., Cuyahoga App. No. 85653,2005-Ohio-6022. In this case, the trial court, by means of a preliminary injunction, was attempting to preserve the rights of the party in whose favor the preliminary injunction was granted until such time as the matter could finally be decided on the merits. We conclude that the preliminary injunction was not a final appealable order.
 {¶ 6} In addition, as appellees point out in their supplemental brief, because the arbitration hearing was held and the arbitrator has subsequently issued his *Page 5 
decision in this matter, the instant appeal concerning the preliminary injunction is rendered moot.
Appeal dismissed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR. *Page 1