MEMORANDUM OPINION
{¶ 1} On August 2, 2007, appellants, Michael Zock, Janet Zock, and Patricia Ann Barnes, filed a notice of appeal from a July 3, 2007 judgment entry. This case *Page 2 
emanates from the Ashtabula County Court of Common Pleas. In the July 3, 2007 entry, the trial court ordered that appellants remove the obstruction to the drainage ditch that runs southerly across the Hootman property onto the Zock property within seven days of the date of the entry. The trial court also stated that appellants are restrained and enjoined, pending the determination of this action, from interfering in any manner with the flow of water from and through the drainage ditch that runs southerly across the Hootman property onto the Zock property. The court further stated that this order shall be effective upon the posting by appellees, Roy Hootman, Diana Hootman, David Harmon, Adela Harmon, James Cancilla, and Christine Cancilla, of a bond in the amount of $1,500. The trial court also granted appellants' motion to compel discovery.
 {¶ 2} Appellees filed a motion to dismiss the appeal with this court on August 15, 2007. Appellees allege that the appealed order is not a final appealable order. Specifically, appellees allege that the order appealed from granted a preliminary injunction, which is a provisional remedy; therefore, the granting of the preliminary injunction is a final appealable order only if it satisfies the two prong test in R.C.2505.02(B)(4).
 {¶ 3} Appellants filed a response to appellees' motion to dismiss on August 24, 2007. In their response, appellants claim that the trial court's granting of a temporary restraining order is a final appealable order.
 {¶ 4} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.Germ v. Fuerst, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. Pursuant to R.C. 2505.02(B), there are five categories of a "final *Page 3 
order," and if a trial court's judgment satisfies any of them, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B) states that:
 {¶ 5} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 8} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 12} "(5) An order that determines that an action may or may not be maintained as a class action * * *."
 {¶ 13} A "provisional remedy" is defined as "a proceeding ancillary to an action" and specifically includes a proceeding for a preliminary injunction. R.C. 2505.02(A)(3). *Page 4 
Hence, an order denying or granting a preliminary injunction is a final appealable order if it satisfies both prongs of R.C. 2505.02(B)(4).
 {¶ 14} In the instant matter, the first prong has been established. The trial court issued an order granting a preliminary injunction. That order determines the action with respect to the provisional remedy and prevents judgment in favor of appellants with regard to that provisional remedy.
 {¶ 15} The problem is with the second prong. Appellants have to be deprived of "a meaningful and effective remedy" if they cannot appeal now. In Woodbridge Condominium Owners' Assn. v. Friedland, 11th Dist. No. 2003-L-073, 2004-Ohio-14, at ¶ 4, this court stated that: "[i]t is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order."
 {¶ 16} Furthermore, the Ohio courts have held that "a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02." E. ClevelandFirefighters, IAFF Local 500 v. E. Cleveland, 8th Dist. No. 88273,2007-Ohio-1447, at ¶ 5. See, also, Deyerle v. Perrysburg, 6th Dist. No. WD-03-063, 2004-Ohio-4273.
 {¶ 17} Here, in the July 3, 2007 entry, the trial court explains that "[o]ne of the purposes of a preliminary injunction is to maintain thestatus quo, pending a determination of the merits of the underlying claims of the parties." (Emphasis sic.) It appears as though the trial court is attempting to maintain the status quo by ordering appellants to remove the obstruction. In addition, if this case were to proceed to final *Page 5 
judgment, and the trial court granted a permanent injunction to appellees, appellants would have the ability to appeal the judgment to this court.
 {¶ 18} For the foregoing reasons, it is our position that the trial court's granting of appellees' preliminary injunction does not satisfy the requirements of a final order under R.C. 2505.02(B)(4)(b). Appellees' motion to dismiss is granted, and this appeal is dismissed for lack of a final appealable order.
 {¶ 19} Appeal dismissed.
 COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1