EMPOWER AVIATION, L.L.C., Appellant,

v.

BUTLER COUNTY BOARD OF COMMISSIONERS et al., Appellees.

[Cite as *Empower Aviation, L.L.C. v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090616.

Decided Dec. 4, 2009.

Keating Meuthing & Klekamp P.L.L., Joseph L. Trauth Jr., and Charles M. Miller, for appellant.

Frost Brown Todd L.L.C., Scott D. Phillipps, Douglas R. Dennis, and Ali Razzaghi, for appellees Butler County Board of Commissioners, Donald Dixon, Gregory Jolivette, Charles Furmon, and Ronald Davis.

Santen & Hughes and Charles E. Reynolds, for appellee Meridian Partners, L.L.C.

Per Curiam.

{¶ 1} This is an expedited appeal from the trial court's denial of a preliminary injunction sought by an unsuccessful proposer for a 2009 contract as the Fixed Based Operator ("FBO") at the Butler County Regional Airport. The FBO provides services at the airport such as aircraft marshaling and fuel and oil sales. The appellant is Empower Aviation, L.L.C., the FBO operator since 2007 under a contract that expired on August 31, 2009. The defendant-appellees are the Butler County Board of Commissioners; the individual members of the board in their official capacity only; Ronald W. Davis, the administrator of the airport in his official capacity only (collectively referred to as "the county"), and the successful proposer, Meridian Partners, L.L.C., doing business as Reynolds Jet Center ("Meridian").

{¶ 2} The county, as owner and operator of the airport, entered into an FBO service agreement with Pro–Aero, Inc., in June 2004. The 2004 FBO agreement had a five-year term with an option to enter into negotiations for successive five-year terms. Empower acquired Pro–Aero in 2007, and the county, with reservations, allowed Empower to assume Pro–Aero's rights and obligations under the 2004 FBO contract. Empower invested in new equipment and technology for its FBO operations and expanded its non-FBO operations at the airport, including purchasing and managing several charter jets and turboprop aircraft. But the county became increasingly dissatisfied with Empower's FBO services due to safety issues and a perceived lack of management. Consequently, in January 2009, the county opted not to renew the 2004 FBO agreement with Empower. Instead, the county issued a request for proposals ("RFP").

{¶ 3} The RFP states that Butler County will enter into negotiations for a new five-to–15–year FBO service agreement with the proposer that the county deems to be the "best and most qualified," but the RFP also provides that the county may reject all proposals. The RFP further sets out the requirements for applications and the evaluation criteria.

{¶ 4} Four companies, including Empower, responded to the RFP. The county reviewed and evaluated each proposal and assigned each a numerical score. Meridian achieved the highest overall score with a 91.69 (out of a possible 100). Empower finished third, with an overall score of 66.69. The county selected Meridian as the successful proposer. Empower then filed this lawsuit.

{¶ 5} In its amended complaint, Empower alleged that the county had violated Ohio's statute governing sealed proposals [1] and had breached the terms of the RFP by selecting Meridian, not Empower, as the superior proposer. Additionally, Empower claimed that Meridian had "tortiously interfered with [Empower's]

---

1. R.C. 307.862.

business operations." As remedies, Empower sought a declaration that it was the superior proposer, an award of money damages against the county and Meridian, an injunction permanently enjoining the county from entering into negotiations, and a contract with Meridian.

{¶ 6} Empower moved the trial court for a temporary restraining order ("TRO") and a preliminary injunction, pending the resolution of its claims. In July 2009, by consent order, the court enjoined the county from contracting with Meridian until the resolution of the preliminary-injunction motion, mooting the TRO request.

{¶ 7} After a hearing, the trial court denied Empower's motion for a preliminary injunction. The county then entered into a five-year FBO contract with Meridian to begin on September 1, 2009. On August 31, 2009, Empower appealed the trial court's order denying the preliminary injunction, and on that same date, this court issued a temporary injunction ordering that Empower remain the FBO under the prior contract pending the resolution of this appeal. The county then moved to dismiss the appeal for lack of a final, appealable order. We deferred a ruling on that motion and allowed the parties to brief the merits of the appeal.

{¶ 8} Empower contends in its only assignment of error that the trial court's order denying the preliminary injunction is contrary to law and that the court failed to apply the correct legal standard and abused its discretion in evaluating the evidence.

### Jurisdiction

{¶ 9} We first address whether this court has jurisdiction over Empower's appeal. The scope of our appellate jurisdiction is limited.[2] An appellate court lacks jurisdiction over an order that is not final.[3] The order from which Empower appeals does not involve a judgment on the merits of Empower's claims; rather, the order denies only a provisional remedy—a preliminary injunction.[4] And an order denying a provisional remedy such as a preliminary injunction does not automatically qualify as a final, appealable order under Ohio law.[5]

---

**2.** Section 3(B)(2), Article IV, Ohio Constitution.

**3.** Id.; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. See also *Hooten v. Safe Auto Ins. Co.,* 1st Dist. No. C–061065, 2007-Ohio-6090, 2007 WL 3406914.

**4.** R.C. 2505.02(A)(3).

**5.** Compare Section 1292(a)(1), Title 28, U.S.Code ("[T]he court of appeals shall have jurisdiction of appeals from: (1) [i]nterlocutory orders * * * granting, continuing, modifying, refusing

{¶ 10} R.C. 2505.02(B)(4) governs the issue of whether an order granting or denying a provisional remedy is a final and appealable order. The order is not immediately appealable unless the following apply: "(a) [t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy, [and] (b) [t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." [6] Both requirements must be met before an order denying a preliminary injunction will qualify as a final order under R.C. 2505.02(B)(4).

{¶ 11} The county concedes that the order denying the preliminary injunction prevented a judgment in Empower's favor with respect to the provisional remedy—the preliminary injunction. The county argues, however, that the trial court's denial of the preliminary injunction failed to satisfy the second require-ment of R.C. 2505.02(B)(4) because Empower will be afforded a "meaningful or effective remedy" by an appeal following final judgment on all the issues in the action.

{¶ 12} We must determine, then, whether Empower will be afforded a mean-ingful or effective remedy by an appeal following final judgment. But first, to aid our analysis, we clarify the scope of the provisional remedy requested, the procedural posture of the case, and the character of the alleged injury.

### Scope of the Provisional Remedy

{¶ 13} Empower sought a preliminary injunction to prevent Meridian and the county from negotiating or entering into an FBO contract until the conclusion of the case on the merits. That particular remedy can never be obtained because the county and Meridian have actually entered into a contract. But in our view, the scope of the requested provisional remedy must be construed to encompass a preliminary injunction preventing Meridian from performing under the contract until the resolution of the claims on the merits.

### Procedural Posture

{¶ 14} The trial court denied the preliminary injunction but did not rule on the merits of Empower's claims. Civ.R. 65(B)(2) allows the trial court to consolidate a preliminary-injunction hearing with a trial on the merits of a permanent

or dissolving injunctions, or refusing to dissolve or modify injunctions, except where direct review may be had in the Supreme Court").

6. R.C. 2505.02(B)(4).

injunction, essentially expediting the trial for the permanent relief.[7]  But the parties did not request a consolidation in this case, and the trial court did not issue a consolidation order sua sponte.  Thus, the court decided only the preliminary matter, and it did not determine the merits of Empower's claims.

{¶ 15} The trial court included a Civ.R. 54(B) certification in its order. But this certification does not make the order denying the provisional remedy immediately appealable.  "A provisional remedy is a remedy other than a claim for relief.  Therefore, an order granting or denying a provisional remedy is not subject to the requirements of Civ.R. 54(B)."[8]  Therefore, the trial court's use of the Civ.R. 54(B) certification on its order denying the preliminary injunction did not make the order final under R.C. 2505.02(A)(4).

## Character of the Alleged Injury

{¶ 16} We also clarify that Empower did not include in the complaint a federal claim based on the deprivation of a constitutional right.  Thus, we conclude that Empower did not allege any injury of a constitutional magnitude.

{¶ 17} In light of these clarifications, we now determine whether Empower will be denied a meaningful or effective remedy if an immediate appeal is not allowed from the denial of the preliminary injunction.

## Meaningful or Effective Remedy

{¶ 18} By statute, an order affording a provisional remedy is not a final order unless the party appealing "would not be afforded a meaningful or effective remedy" on appeal from a final judgment on the merits.[9]  This statutory language, added by amendment, recognizes that "in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment."[10]  Courts have recognized this "occasion" in cases where "the proverbial bell cannot be unrung,"[11] such as

---

**7.**  See *Procter & Gamble Co. v. Stoneham* (2000), 140 Ohio App.3d 260, 269, 747 N.E.2d 268.

**8.**  *State ex rel. Butler Cty. Children Servs. Bd. v. Sage* (2002), 95 Ohio St.3d 23, 25, 764 N.E.2d 1027.  See generally *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, at ¶ 12.

**9.**  R.C. 2505.02(B)(4)(b).

**10.**  *State v. Muncie* (2001), 91 Ohio St.3d 440, 451, 746 N.E.2d 1092.

**11.**  Id., citing *Gibson–Myers & Assocs. v. Pearce* (Oct. 27, 1999), 8th Dist. No. 19358, 1999 WL 980562, and *Cuervo v. Snell* (Sept. 26, 2000), 10th Dist. Nos. 99AP–1442, 99AP–1443, and 99AP–1458, 2000 WL 1376510.

those involving an order compelling the production of documents containing trade secrets, an order compelling the production of privileged communications, or an order denying a request to enforce a covenant not to compete.[12]

{¶ 19} Likewise, the Ohio Supreme Court in *State v. Muncie*[13] held that an order compelling the administration of psychotropic medication to restore a criminal defendant to competency could not be satisfactorily remedied in an appeal after a conviction. In making this determination, the court noted that during the pendency of the proceedings, the accused would have been forced to endure a severe interference with his liberty interest caused by the involuntary administration of antipsychotic drugs, an infringement of personal rights that could not be restored after a delayed appeal.[14]

{¶ 20} The Supreme Court has also determined that a delayed appeal would be meaningless to a corporate defendant challenging the denial of its motion to apply the statutory prima facie filing requirements to asbestos claims.[15] The court concluded that an appeal after final judgment on the merits would have prevented the appellant from obtaining the remedy set forth in the statute.[16] Thus, any mistake would have been "uncorrectable."[17]

{¶ 21} In such cases, relief after an appeal from a final judgment would be rendered ineffective or a delay in appealing would render appellate review moot.[18] Conversely, courts have held that an immediate appeal from a provisional remedy is not appropriate where the lack of an immediate appeal does not bar a later judgment involving an appropriate remedy.[19]

---

12. See id.; *LCP Holding Co. v. Taylor*, 158 Ohio App.3d 546, 2004-Ohio-5324, 817 N.E.2d 439, at ¶ 28; *Premier Health Care Serv., Inc. v. Schneiderman* (Aug. 21, 2001), 2nd Dist. No. 18795, 2001 WL 1479241.

13. 91 Ohio St.3d 440, 746 N.E.2d 1092.

14. Id. at 452, 746 N.E.2d 1092.

15. *In re Special Docket No. 73958*, 115 Ohio St.3d 425, 2007-Ohio-5268, 875 N.E.2d 596.

16. Id. at ¶ 31.

17. Id., citing *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, at ¶ 18.

18. See *Premier Health Care Serv.*, 2nd Dist. No. 18795, 2001 WL 1479241.

19. See, e.g., *Deyerle v. Perrysburg*, 6th Dist. No. WD–03–063, 2004-Ohio-4273, 2004 WL 1810348, ¶ 15; *Cooper v. Boat Club Ltd. Partnership*, 8th Dist. No. 81995, 2003-Ohio-2874, 2003 WL 21291063, ¶ 17–18; *E. Galbraith Nursing Home, Inc. v. Ohio Dept. of Job & Family Serv.*, 10th Dist. No. 01AP–1228, 2002-Ohio-3356, 2002 WL 1396082, ¶ 14, limited in part by *State ex rel. Butler Cty. Children Servs. Bd.*, 95 Ohio St.3d 23, 764 N.E.2d 1027; *MD Acquisition, L.L.C. v. Myers*, 173 Ohio App.3d 247, 2007-Ohio-3521, 878 N.E.2d 37, ¶ 12.

{¶ 22} According to Empower, it will be denied a meaningful or effective remedy because it will be forced out of business and will be unable to accept the FBO contract if it can appeal only after it litigates to final judgment its claim to be declared the successful proposer. But the provisional remedy it sought in the trial court did not involve extending its FBO contract, which expired on August 31, 2009. If the trial court had granted the provisional remedy, the county could have operated as the FBO or halted the FBO services. Thus, we conclude that there is no nexus between the continued viability of Empower's business and the provisional remedy at issue: a preliminary injunction to keep the county from negotiating and contracting with Meridian.

{¶ 23} Even if we overlook the absence of that nexus, we conclude that Empower's claim that it will be forced out of business is too speculative on this record. Empower's FBO operations are conducted by only one of five Empower divisions. The other divisions include "charter aircraft," "aircraft management," "aircraft maintenance," and "flight school," and the combined revenue of all divisions in 2008 was $12.5 million, according to Empower's proposal. Empower failed to present the percentage of revenue attributable to the FBO division. And its CEO and president both acknowledged that Empower could become an FBO at another airport.

{¶ 24} Empower also suggests that an immediate appeal is warranted because this is a disappointed-bidder case. We recognize that injunctive relief is appropriate in a disappointed-bidder case where the challenge stems from a violation of state or municipal law.[20] The irreparable-injury rule is satisfied because there is no adequate remedy at law, such as awarding damages for lost profits, due to the rule against punishing taxpayers.[21] And we understand that the purpose of a preliminary injunction is "to prevent an irreparable injury from occurring before the court has a chance to decide the case."[22] But the possibility of an irreparable injury that would render injunctive relief appropriate cannot—on its own—satisfy the second requirement of R.C. 2505.02(B)(4), because this requirement also embodies the judicial interest in avoiding piecemeal litigation. To give weight to this interest in avoiding piecemeal litigation, we must inquire into the facts of the case, including the nature and duration of the government contract, and determine the practical implication of a delayed appeal.

---

20. See *Cementech, Inc. v. Fairlawn*, 109 Ohio St.3d 475, 2006-Ohio-2991, 849 N.E.2d 24, ¶ 10, citing *Garono v. State* (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496.

21. Id. at ¶ 9.

22. Black's Law Dictionary (8th Ed.Rev.2004) 800.

{¶ 25} The contract at issue here involves a contract for services, not construction, and the term of the contract is lengthy—a five-year minimum. This fact demonstrates that an appeal after a judgment on the merits would not prevent a meaningful or effective remedy.[23] If Empower does not prevail after a trial on the merits and that judgment is reversed on appeal, this court can void the FBO contract between the county and Meridian. Empower's ability to recover the other damages it seeks will not change during a delay; only the measure of these other damages will be affected. Likewise, the appropriateness of the ultimate relief Empower seeks—to be declared the successful proposer—will not be determined until the merits are resolved, and Empower's ability to obtain this relief will not be affected by delaying the appeal until the determination of the case on the merits.

{¶ 26} In light of these facts, we are not persuaded that a delay in time will preclude a meaningful or effective remedy in an appeal following the entry of a final judgment on the merits. Thus, not all the requirements of R.C. 2505.02(B)(4) have been met, and as a result, this court lacks jurisdiction over this appeal. It is hereby dismissed.

Appeal dismissed
and temporary injunction dissolved.

HENDON, P.J., and SUNDERMANN and CUNNINGHAM, JJ., concur.

---

23. See generally *Neighbors for Responsible Land Use v. Akron,* 9th Dist. No. 23191, 2006-Ohio-6966, 2006 WL 3825153, at ¶ 11.