[Cite as *McHenry v. McHenry*, 2013-Ohio-3693.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CINDY MCHENRY | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2013CA00001 |
| GLENN MCHENRY, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Probate Court,
                             Case No. 216246


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:      August 26, 2013


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

KEVIN MCMILLAN                          THOMAS C. LOEPP
JONATHAN SOBEL                          MAISTROS & LOEPP
KABAT, MIELZINER & SOBER                3580 Darrow Road
30195 Chagrin Blvd., Suite 300          Stow, Ohio  44224
Pepper Pike, Ohio  44124

*Wise, J.*

{¶1} Appellant Glenn McHenry, Jr. appeals the December 3, 2012, decision of the Stark County Probate Court granting a preliminary injunction in this matter.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee are the son and daughter of the late Glenn McHenry, Sr. and are the sole beneficiaries of their father's trust. (T. at 32). Glenn is serving as the trustee of said trust. (T. at 2-3, 28-29, 40).

{¶1} Cindy claims that she was deceived into placing certain monies into an account of the trust and that she did not receive what she perceives as her full benefit from same and from the balance of the trust. (T. at 38). To that end, Cindy sought a TRO and preliminary injunction enjoining Glenn from titling certain property into his own name.

{¶2} On November 1, 2012, Appellee Cindy McHenry filed suit against her Appellant Glenn McHenry, Jr. claiming that Glenn had violated his fiduciary duties, among other allegations. Cindy sought a temporary restraining order.

{¶3} On November 1, 2012, the trial court granted said TRO.

{¶4} On December 3, 2012, a preliminary injunction hearing was held. Immediately following same, the trial court granted the preliminary injunction, enjoining Glenn "from transferring, assigning, alienating, placing liens upon or otherwise encumbering the real property at 3300 Oaklynn Street, N.W. Uniontown, Ohio 44685 and from damaging, wasting, or otherwise causing damage to said real property …". (Preliminary Injunction, Dec. 3, 2012).

{¶5} It is from this order that Appellant now appeals, assigning the following sole error for review:

## ASSIGNMENT OF ERROR

{¶6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE PRELIMINARY INJUNCTION."

## I.

{¶7} In his sole Assignment of Error, Appellant assigns error to the trial court's granting of the preliminary injunction in this matter.

{¶8} Before we can address the merits of Appellant's assignment of error, we must first determine whether the preliminary injunction order constitutes a final, appealable order pursuant to R.C. §2505.02.

{¶9} A preliminary injunction is a provisional remedy, which is defined as a "remedy other than a claim for relief." R.C. §2505.02(A)(3); *State ex rel. Butler County Children Services Bd. v. Sage,* 95 Ohio St.3d 23, 24, 2002-Ohio-1494. Preliminary injunctions are considered interlocutory, tentative, and impermanent in nature. *Quinlivan v. H.E.A.T. Total Facility Solutions, Inc.,* Lucas App. No. L-10-1058, 2010-Ohio-1603, ¶ 3, citing *Burns v. Daily* (1996), 114 Ohio App.3d 693, 708. As such, an order denying a provisional remedy such as preliminary injunction does not automatically qualify as a final appealable order. *See Empower Aviation, L.L.C. v. Butler County Bd. of Commrs.,* Hamilton App. No. C-090616, 2009-Ohio-6331.

{¶10} R.C. §2505.02(B)(4) provides that an order that grants or denies a provisional remedy is appealable if both of the following apply:

**{¶11}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy;" and

**{¶12}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

**{¶13}** Appellee herein argues that the preliminary injunction order issued herein only maintains the status quo, it does not determine the action or prevent a judgment in favor of Appellant.

**{¶14}** In order to satisfy the second requirement of R.C. §2505.02(B)(4), an appellant must show that it will be deprived of a meaningful and effective remedy if it cannot appeal now. *Quinlivan,* 2010-Ohio-1603 at ¶ 4; *E. Cleveland Firefighters, IAFF Local 500 v. E. Cleveland,* Cuyahoga App. No. 88273, 2007-Ohio-1447, ¶ 4. Specifically, the appealing party must demonstrate that it "would have no adequate remedy from the effects of that [interlocutory] order on appeal from final judgment." *Empower Aviation,* 2009-Ohio-6331, ¶ 18, 185 Ohio App.3d 477, quoting *State v. Muncie* (2001), 91 Ohio St.3d 440, 451. The absence of an adequate remedy after final judgment has been held to be present in cases involving orders compelling the production of documents containing trade secrets or privileged communications, and in cases involving the denial of requests to enforce covenants not to compete. *Id. See, also, Premier Health Care Services, Inc. v. Schneiderman,* Montgomery App. No. 18795, 2001 WL 1479241.

**{¶15}** In applying R.C. §2505.02(B)(4), we find that the first requirement has not been satisfied, as the trial court's order granting Appellee's request for a preliminary injunction only serves to maintain the status quo pending litigation of the trust issues in this matter.

**{¶16}** Ohio courts have found that " 'a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02.' *Hootman v. Zock,* 11th Dist. No.2007-A-0063, 2007-Ohio-5619, ¶ 13., at ¶ 16, quoting *E. Cleveland Firefighters, IAFF Local 500 v. E. Cleveland,* 8th Dist. No. 88273, 2007-Ohio-1447, ¶ 5; *Deyerle v. Perrysburg,* 6th Dist. No. WD-03-063, 2004-Ohio-4273, ¶ 15.

**{¶17}** Based on the record, we conclude that Appellant has not established a right to immediately appeal the preliminary injunction order.

**{¶18}** For the foregoing reasons, the appeal of the judgment of the Probate Court, Stark County, Ohio, is therefore dismissed for lack of a final appealable order.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0806

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CINDY MCHENRY                                :
                                             :
        Plaintiff-Appellee                   :
                                             :
-vs-                                         :              JUDGMENT ENTRY
                                             :
GLENN MCHENRY, JR.                           :
                                             :
        Defendant-Appellant                  :              Case No. 2013CA00001


        For the reasons stated in our accompanying Memorandum-Opinion, the appeal

of the judgment of the Probate Court of Stark County, Ohio, is dismissed.

        Costs assessed to Appellant.


                                        _____

                                        _____

                                        _____
                                                        JUDGES