[Cite as *Cleveland Clinic Found. v. Orange Technologies, L.L.C.*, 2014-Ohio-211.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### Nos. 100011 and 100059

## CLEVELAND CLINIC FOUNDATION

PLAINTIFF-APPELLEE

vs.

## ORANGE TECHNOLOGIES, L.L.C., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-776992

**BEFORE:**   Kilbane, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   January 23, 2014

**ATTORNEYS FOR APPELLANTS**

**For Orange Technologies, L.L.C., et al.**

Dennis P. Zapka
Sean T. Lavin
McLaughlin Law, L.L.P.
1111 Superior Avenue
Suite 1350
Cleveland, Ohio 44114

**For Melanie Gruden**

Christopher A. Holecek
Peter A. Holdsworth
Wegman, Hessler & Vanderburg
6055 Rockside Woods Boulevard
Suite 200
Cleveland, Ohio 44131

**ATTORNEYS FOR APPELLEE**

Richard Gurbst
Amy C. Hocevar
Squire Sanders (US) L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

{¶1} Defendants-appellants, Orange Technologies L.L.C., Global Hosting Solutions L.L.C., Solon Design L.L.C., Bright Marketing L.L.C., JKC Marketing L.L.C., Exact Targeting SEO L.L.C., North Coast Technologies L.L.C., and Christopher Gruden ("Gruden"), in 8th Dist. Cuyahoga No. 100011, challenge the order of the trial court that imposed a preliminary injunction on various accounts held by the defendant. In 8th Dist. Cuyahoga No. 100059, defendant-appellant, Melanie Gruden ("Melanie"), appeals from the same order. These cases have been consolidated for hearing and disposition, but because the appeals do not stem from final appealable orders, and for the reasons set forth below, both matters are dismissed.

{¶2} On February 29, 2012, the Cleveland Clinic Foundation ("Clinic") filed suit against Orange Technologies, L.L.C., Gruden and Melanie, and eight other defendants. The Clinic alleged that from 2008 to 2012, Gruden acted contrary to the Clinic's conflict of interest policy by failing to disclose his relationships to the defendant companies and used his position with the Clinic to recommend that the Clinic engage in business with them. The Clinic alleged that the defendants received a total of $2.4 million in contravention of the conflict of interest policy. The Clinic set forth claims for misappropriation of funds, breach of contract, unjust enrichment, conversion, fraud, civil conspiracy, and civil racketeering. The Clinic prayed for treble damages, punitive damages, and attorney fees, and prayed for a temporary restraining order, a preliminary injunction, and "a permanent injunction to the Cleveland Clinic Foundation, preserving

the status quo * * * to prevent further concealment, disposal, and movement of assets"
and other relief.

{¶3} On February 29, 2012, the trial court granted the Clinic a temporary restraining order, precluding the defendants from accessing their various accounts (except to make mortgage payments, and other reasonable and necessary expenses) unless the account "retains a total of $2.4 million after the use of the account[.]"

{¶4} On June 13, 2012, the Clinic filed an amended complaint to add new party defendant Patrick McCaffrey. On June 19, 2012, defendants filed answers. Two of the defendants, JKC Marketing, L.L.C. and Bright Marketing L.L.C., filed counterclaims against the Clinic for unpaid services.

{¶5} Over the course of several days, from July 29, 2012 to March 26, 2013, the trial court held hearings on the plaintiff's motion for prejudgment attachment and motion for a preliminary injunction.

{¶6} On May 23, 2013, the trial court issued the following order:

Because of the defendants' actions in fraudulently obtaining funds from the Cleveland Clinic foundation, the court hereby grants the request for a preliminary injunction and therefore creates a constructive trust for the benefit of the Cleveland Clinic.

{¶7} On June 12, 2013, the trial court issued findings of fact and conclusions of law in support of the preliminary injunction.

{¶8} In its merit brief, plaintiff-appellee argues that, pursuant to R.C. 2505.02(B), there is no final appealable order from the order granting the preliminary injunction. Appellee further argues that the trial court's order simply preserved the status quo

pending final judgment. Appellee also argues that defendants have a meaningful opportunity for review at the time of a final judgment.

## FINAL APPEALABLE ORDER

{¶9} Courts of appeal have jurisdiction to review final orders. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.03. In general, where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. *See Miller v. First Internatl. Fidelity & Trust Bldg., Ltd.*, 165 Ohio App.3d 281, 2006-Ohio-187, 846 N.E.2d 87; *Britton v. Gibbs Assoc.*, 4th Dist. Highland No. 06CA34, 2008-Ohio-210.

{¶10} A provisional remedy is a proceeding ancillary to an action, such as a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence. R.C. 2505.02(A)(3).

{¶11} Pursuant to R.C. 2505.02(B):

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶12}** The first of these requirements, R.C. 2505(B)(4)(a), has been deemed to be unmet where the trial court's order granting a preliminary injunction only serves to maintain the status quo pending litigation of the trial on the merits. *McHenry v. McHenry*, 5th Dist. Stark No. 2013 CA 00001, 2013-Ohio-3693, citing *Cleveland Firefighters, IAFF Local 500 v. E. Cleveland*, 8th Dist. Cuyahoga No. 88273, 2007-Ohio-1447, ¶ 5; *Hootman v. Zock*, 11th Dist. Ashtabula No. 2007-A-0063, 2007-Ohio-5619, ¶ 13; *Deyerle v. Perrysburg*, 6th Dist. Wood No. WD-03-063, 2004-Ohio-4273, ¶ 15.

**{¶13}** As to the second requirement, the *McHenry* court explained:

> The appealing party must demonstrate that it "would have no adequate remedy from the effects of that [interlocutory] order on appeal from final judgment." *Empower Aviation* [*LLC v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, 924 N.E.2d 862, ¶ 18,] quoting *State v. Muncie* (2001), 91 Ohio St.3d 440, 451, 2001-Ohio-93, 746 N.E.2d 1092. The absence of an adequate remedy after final judgment has been held to be present in cases involving orders compelling the production of documents containing trade secrets or privileged communications, and in cases involving the denial of requests to enforce covenants not to compete. *Id. See also Premier Health Care Serv., Inc. v. Schneiderman,* Montgomery No. 18795, 2001 Ohio App. LEXIS 5170, 2001 WL 1479241.

**{¶14}** This second requirement is generally found where the court will be unable to fashion a meaningful or effective remedy at the end of the litigation. *Wells Fargo Ins. Servs. USA v. Gingrich*, 12th Dist. Butler No. CA2011-05-085, 2012-Ohio-677. Calculable monetary losses and losses incurred during the pendency of the case can be remedied by money damages at the conclusion of the case, so there is generally no right to an immediate appeal from the ruling on the preliminary injunction. *Id.*, citing *Cooper v.*

*Cleveland Boat Club Ltd. Partnership*, 8th Dist. Cuyahoga No. 81995, 2003-Ohio-2874, ¶ 18; *N. Fairfield Baptist Church v. G129, L.L.C.*, 12th Dist. Butler No. CA2009-11-281, 2010-Ohio-2543, ¶ 24 (finding the denial of a preliminary injunction not a final appealable order where defendant failed to prove monetary damages would not sufficiently compensate it for any determined loss); *see also Simmons v. Trumbull Cty. Engineer*, 11th Dist. Trumbull No. 2004-T-0016, 2004-Ohio-1663, ¶ 11 (finding the denial of a temporary restraining order was not a final appealable order because there was no indication that monetary damages would not adequately compensate for any loss).

**{¶15}** In accordance with all of the foregoing, the order granting a preliminary injunction is not a final appealable order under R.C. 2505(B)(4).

**{¶16}** Appeal dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES, SR., J., CONCUR