[Cite as *Aquasea Group, L.L.C. v. Singletary*, 2014-Ohio-1780.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| AQUASEA GROUP, LLC, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2013-T-0120** |
| RAY SINGLETARY, et al., | : | |
| Defendants-Appellants, | : | |
| A & M DEVELOPMENT, INC., | : | |
| Third-Party Intervener. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CV 2046.

Judgment: Appeal dismissed.

*Stuart A. Strasfeld, David S. Barbee* and *Elizabeth H. Farbman,* Roth, Blair, Roberts, Strasfeld & Lodge, 100 Federal Plaza East, #600, Youngstown, OH 44503 (For Plaintiffs-Appellees).

*Edward L. Gilbert,* Edward L. Gilbert Co., L.P.A., One Cascade Plaza, Suite 825, Akron, OH 44308 (For Defendants-Appellants).

*Daniel B. Letson,* Letson & Swader Co., L.P.A., 160 East Market Street, #250, Warren, OH 44481 (For Third-Party Intervener).

DIANE V. GRENDELL, J.

{¶1} On December 13, 2013, defendants-appellants, Ray Singletary and other individuals, filed a notice of appeal from the judgment of the Trumbull County Court of

Common Pleas. In its judgment, the trial court granted a preliminary injunction, enjoining the defendants from entering the premises of a business called "Aunty Tootie's," from making representations that they had authority to act on behalf of the business, from using the assets of the business, from transferring the business' assets, from engaging in any sales or manufacturing for the business, and engaging "in any form of business" relative to Aunty Tootie's.

{¶2} On January 9, 2014, plaintiffs-appellees, Aquasea Group and other individuals, filed a Motion to Dismiss the appeal. In this Motion, appellees allege that the judgment is not a final appealable order, citing *Hootman v. Zock*, 11th Dist. Ashtabula No. 2007-A-0063, 2007-Ohio-5619, in support of this argument. In *Hootman*, this court held that, when the trial court "attempt[ed] to maintain the status quo" through a preliminary injunction, its judgment was not final, and also that a judgment granting a preliminary injunction where a permanent injunction is also sought, is generally not a final order. *Id.* at ¶ 17.

{¶3} Appellants filed an Opposition to the Motion to Dismiss on January 21, 2014. They asserted that, since the trial court's judgment changed, not preserved, the status quo, a final appealable order exists under R.C. 2505.02(B)(4).

{¶4} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst,* 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. Pursuant to R.C. 2505.02(B), there are five categories of a "final order," and if a trial court's judgment satisfies any of them, it will be considered a "final

2

order" which can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B)(4) states, in pertinent part, that:

{¶5} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that grants or denies a provisional remedy and to which both of the following apply:

{¶6} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶7} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶8} A "provisional remedy" is defined as "a proceeding ancillary to an action," which specifically includes a proceeding for a preliminary injunction. R.C. 2505.02(A)(3). An order denying or granting a preliminary injunction is, therefore, a final appealable order if it satisfies both prongs of R.C. 2505.02(B)(4), outlined above.

{¶9} "[I]t is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order." *Hootman*, 2007-Ohio-5619, at ¶ 15, citing *Woodbridge Condominium Owners' Assn. v. Friedland,* 11th Dist. Lake No. 2003-L-073, 2004-Ohio-14, ¶ 4. In the present case, the ultimate relief sought includes a permanent injunction.

{¶10} Ohio courts have also held that "a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02." (Citation omitted.) *Hootman* at ¶ 16.

{¶11} Regarding the status quo issue, appellants argue that the court did not act to preserve the status quo by excluding them from the business, since it was not restoring the business to a prior condition. Pursuant to the appellees' Complaint, they entered into an operating agreement with appellants and made an investment in Aunty Tootie's, LLC. The Complaint and testimony indicate that appellants, and Ray Singletary specifically, have worked in the management and day-to-day activities of the business, prior to a determination and vote by the Board of Managers that appellants had taken improper action (alleged in the complaint to include misappropriation and conversion of company property) and should be prohibited from all involvement with the business. The preliminary injunction prevented appellants from being involved in the operations of the business which they had previously carried out. Based on these facts, there appears to be a question as to whether the status quo was being preserved. *See Obringer v. Wheeling & Lake Erie Ry. Co.*, 3rd Dist. Crawford No. 3-09-08, 2010-Ohio-601, ¶ 19 (defining the status quo as "the last, actual, peaceable, uncontested status which preceded the pending controversy") (citation omitted).

{¶12} Regardless of the foregoing, for an order to be final in a preliminary injunction case, both prongs of R.C. 2505.02(B)(4) must be met. As to R.C. 2505.02(B)(4)(b), we find that appellant would not be denied a meaningful or effective remedy by an appeal following final judgment as to all proceedings in this case. As stated above, generally, if a permanent injunction is sought, this will allow for a remedy

4

at the conclusion of the proceedings. Moreover, it has been held that "[c]alculable monetary losses and losses incurred during the pendency of the case can be remedied by money damages at the conclusion of the case, so there is generally no right to an immediate appeal from the ruling on the preliminary injunction." (Citations omitted.) *Cleveland Clinic Found. v. Orange Technologies, L.L.C.*, 8th Dist. Cuyahoga Nos. 100011 and 100059, 2014-Ohio-211, ¶ 14. *See also Simmons v. Trumbull Cty. Engineer*, 11th Dist. Trumbull No. 2004-T-0016, 2004-Ohio-1663, ¶ 11 (where a party would be entitled to monetary damages for any loss suffered from a preliminary injunction, the order was not final).

{¶13} One of the major losses emphasized by appellants is the loss of a salary, which can be remedied by money damages at the conclusion of proceedings in this matter. Although the injunction prevented appellants from being able to conduct day-to-day operations and act in furtherance of Aunty Tootie's business interest, this would also appear to be remedied by monetary damages. The same principle applies if a loss of profits occurs during the time while appellees are solely in charge of the business. No argument was presented by Ray Singletary or the other appellants showing that their services are necessary for the business to continue functioning. This is dissimilar to other scenarios where courts have held that no meaningful remedy exists, since the inability to pursue an appeal would cause irreparable damage. Examples of such scenarios include when trade secrets may be revealed, privileged information may be disclosed, or when the administration of medication is ordered. *See LCP Holding Co. v. Taylor,* 158 Ohio App.3d 546, 2004-Ohio-5324, 817 N.E.2d 439, ¶ 28 (11th Dist.);

5

*Callahan v. Akron Gen. Med. Ctr.,* 9th Dist. Summit No. 22387, 2005-Ohio-5103, ¶ 29; *State v. Muncie*, 91 Ohio St.3d 440, 451-452, 746 N.E.2d 1092 (2001).

{¶14} Finally, we note that appellants argue that it was improper for appellees to file a motion requesting dismissal for lack of a final appealable order. However, this court has dismissed appeals for lack of a final order both on the motion of a party and sua sponte, since this court cannot consider an appeal from an order that is not final. *See State ex rel. DeWine v. Deer Lake Mobile Park, Inc.*, 11th Dist. Geauga No. 2012-G-3119, 2013-Ohio-637, ¶ 3 and 20; *Bank of Am. v. Telerico*, 11th Dist. Portage No. 2013-P-0069, 2014-Ohio-434, ¶ 24.

{¶15} Accordingly, appellees' Motion to Dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

{¶16} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.