[Cite as *Scott D. Shell DVM, Inc. v. Wallace*, 2020-Ohio-442.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

SCOTT D. SHELL DVM, INC., : **MEMORANDUM OPINION**

      Plaintiff-Appellee, :

- vs - : **CASE NO. 2020-G-0240**

DORRIE ANN WALLACE, et al., :

      Defendants-Appellants. :

Civil Appeal from the Court of Common Pleas, Case No. 2019 M 000833.

Judgment:  Appeal dismissed.

*Daniel F. Lindner*, Lindner, Sidoti, Jordan, L.L.P., 2077 East Fourth Street, 2nd Floor, Cleveland, OH 44115 (For Plaintiff-Appellee).

*Jason Michael Rebraca*, Rebraca Law, L.L.C., 12 Main Street, Canfield, OH 44406 (For Defendants-Appellants).

MATT LYNCH, J.

{¶1}   On February 5, 2018, appellee, Scott D. Shell DVM, Inc., executed an employment agreement that contained a three-year non-compete clause with Dorrie Ann Wallace, as a doctor of veterinary medicine for its company.  After one year, the agreement was not renewed.  Ms. Wallace then formed Wallace Equine Services, Inc. (WES), whose principal place of business is in Mahoning County.  Appellee served a cease and desist letter upon Ms. Wallace and WES.  Their counsel sent a letter to appellee indicating that they will not comply with the non-compete obligations in the

employment agreement. As a result, appellee commenced this action for a temporary restraining order, preliminary injunction and permanent injunction and other damages against Ms. Wallace and WES. On January 14, 2020, the trial court ordered that Ms. Wallace and WES are restrained from engaging in the practice of veterinary medicine for three years within the legal boundaries set forth in the employment agreement. The trial court also ordered appellee to furnish $30,000 to secure the temporary restraining order. This appeal ensued.

{¶2} Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). R.C. 2505.02(B)(4) states, in pertinent part, that:

{¶3} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that grants or denies a provisional remedy and to which both of the following apply:

{¶4} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶5} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

{¶6} A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction." R.C. 2505.02(A)(3). For an order to be final in a preliminary injunction case, both prongs of R.C. 2505.02(B)(4) must be met.

{¶7} In this case, the first prong has been met because the trial court issued an order granting a preliminary injunction. That order determined the action with respect to the provisional remedy and prevented judgment in favor of Ms. Wallace and WES regarding that provisional remedy. R.C. 2505.02(B)(4)(a).

{¶8} The problem is with the second prong. Ms. Wallace and WES have to be deprived of a "meaningful and effective remedy" if they cannot appeal now.

{¶9} "'[I]t is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order.'" *Hootman v. Zock*, 11th Dist. Ashtabula No. 2007-A-0063, 2007-Ohio-5619, at ¶ 15, citing *Woodbridge Condominium Owners' Assn. v. Friedland,* 11th Dist. Lake No. 2003-L-073, 2004-Ohio-14, ¶ 4.

{¶10} Further, Ohio courts have also held that "'a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02.'" (Citation omitted.) *Hootman* at ¶ 16.

{¶11} As to R.C. 2505.02(B)(4)(b), it is our position that Ms. Wallace and WES would not be denied a meaningful or effective remedy by an appeal following final

3

judgment as to all proceedings in this case. In general, if a permanent injunction is sought, this will allow for a remedy at the conclusion of the proceedings. Here, since the injunction entered is temporary in nature, not permanent, Ms. Wallace and WES will have an opportunity to litigate the merits of their claim with the trial court.

{¶12} Accordingly, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

4