UNITED ELECTRICAL RADIO & MACHINE WORKERS OF AMERICA, LOCAL 755, ET AL., APPELLANTS, *v.* KRAFT ET AL., APPELLEES.
LOCAL 801, UNITED ELECTRICAL RADIO & MACHINE WORKERS OF AMERICA ET AL., APPELLANTS, *v.* ELSMER ET AL., APPELLEES.

(Nos. 2098 and 2099—Decided December 11, 1952.)

*Messrs. Davis, Davis & Handelman* and *Mr. Russell N. Chase,* for appellants.
*Messrs. Matthews & Altick,* for appellees.

WISEMAN, J. These cases are submitted on motions of defendants, appellees herein, to dismiss the appeals on questions of law and fact on the ground that the order appealed from is not a final order, and for the failure to file appeal bonds.

Identical questions are raised in cases Nos. 2098 and 2099. Therefore, one opinion will suffice.

If the order appealed from is a final order, the failure to file appeal bonds as provided by Section 12223-6, General Code, requires this court to dismiss the appeals on questions of law and fact, and retain the causes as appeals on questions of law (Section 12223-22, General Code), and fix the time within which the appellants may prepare and file bills of exceptions, assignments of error and briefs. Supplement to Rule VII of the Rules of the Courts of Appeals and Section 11564, General Code.

Is the order appealed from a final order? The order appealed from, among other things, overruled the motion of plaintiffs for a preliminary injunction. There is case law in Ohio to the effect that an order overruling a motion to vacate a temporary injunction in a suit where the ultimate relief sought is an injunction is not a final order. *May Co.* v. *Bailey Co.,* 81 Ohio St., 471, 91 N. E., 183; *Jones, Treas.,* v. *First National Bank of Bellaire,* 123 Ohio St., 642, 176 N. E., 567. In the cases at bar, the ultimate relief sought is permanent injunctions. In our opinion, the rule applicable to an order overruling a motion to vacate a temporary injunction should apply to an order refusing a temporary injunction.

In other jurisdictions, it is held that an order refusing a temporary injunction is not a final order. In 2 American Jurisprudence, 925, Section 123, it is stated:

"On the other hand, no appeal lies from decrees which are merely interlocutory, such as the granting or refusing of a temporary injunction, some courts basing their decisions on the ground that the action of the trial court is discretionary and will not be reviewed in the absence of an abuse of discretion. The granting or refusing of an injunction *pendente lite* or of an order made on a motion to dissolve an injunction, which does not otherwise dispose of the case, is also an interlocutory decree and not appealable." (See cases cited.)

In 1 High on Injunctions (Fourth Ed.,), 1639, Section 1693, it is stated:

"The right of appeal from an order of a court of original jurisdiction, granting or refusing an interlocutory injunction, has given rise to much apparent conflict of authority. Such conflict is, however, largely due to the difference in legislation prevailing in the different states touching the right of appeal in general, and the nature or character of the order from which an appeal will lie. Independent of legislation, and upon principle as well as authority, it is believed that the true doctrine is, that an order either granting or refusing a preliminary injunction, being merely an interlocutory order, made during the progress of the cause, does not partake of the nature of a final judgment or decree to such an extent as to warrant an appeal therefrom, or to justify a court of review in revising the action of the inferior court upon such question." (See cases cited.)

In our opinion the action taken was not a final order within the meaning of Section 12223-2, General Code.

Other matters embraced in the order appealed from

unquestionably do not constitute a final order from which an appeal may be taken.

The motions to dismiss the appeals are sustained.

*Motions sustained.*

HORNBECK, P. J., and MILLER, J., concur.