STATE, EX REL. COOK, DIRECTOR DEPARTMENT OF LIQUOR CONTROL, PLAINTIFF-APPELLEE, *v.* LAKIS, D. B. A., MICKEY'S LOUNGE BAR, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26935.    Decided April 10, 1964.

*Mr. William B. Saxbe,* attorney general, for plaintiff-appellee.

*Mr. Owen C. Neff,* for defendant-appellant.

*Per Curiam.* A temporary injunction was issued in the Court of Common Pleas of Cuyahoga County in an action for injunctive relief brought by the Attorney General of Ohio pursuant to and by authority of Section 4301.73, Revised Code, against Charles Lakis, doing business as Mickey's Lounge Bar, a holder of a D-5 liquor permit issued by the Department of Liquor Control of the State of Ohio.

The prayer of the petition in part is as follows:

"Plaintiff prays * * *, that a temporary restraining order be granted against defendant enjoining him from continuing such nuisance and from making such sales during the pendency of this action, * * *."

Hearing was had in the trial court and the order of that court, granting temporary injunction on April 1, 1964, as journalized, reads:

"ORDER GRANTING TEMPORARY INJUNCTION"

"On the 31st day of March, 1964, this cause came on for hearing on the motion of Plaintiff for a temporary injunction, and the Court after being fully advised in the premises, finds that said motion is well taken, and for good cause shown a temporary injunction should issue.

"It is, therefore, ordered, adjudged and decreed by the Court that a temporary injunction be, and the same is hereby granted as prayed for in plaintiff's petition. Said injunction is granted without bond.

"It is further ordered by the Court that the Sheriff of Cuyahoga County forthwith shall take possession of the property known as Mickey's Lounge Bar at 732 Vincent Avenue in the City of Cleveland and lock and barricade all the doors and windows, so that no one may enter said premises without his permission and consent; that said Sheriff is hereby authorized to take in custody any person or persons who attempt to go on said property or enter said premises as described above; that said Sheriff is hereby authorized to do all things necessary in order to accomplish the purpose of this order, and conserve and protect said property and retain possession and control of the same until further order of this Court; that said Sheriff may designate such deputies as he deems advisable to assist him in the carrying out of his duties of said office; that

478

if any person or persons attempt to go upon said premises, said Sheriff or the deputies designated to assist him shall forthwith bring said person or persons before the Court."

Appeal is made to this court on questions of law from such order, and an oral motion to dismiss the appeal was presented to us on the ground that this, being an order interlocutory in nature, is not final and appealable. Formal motions by appellant, "to stay execution of order" and "to fix supersedeas bond" are likewise before us.

Section 4301.73, Revised Code, reads as follows:

"Any room, house, building, boat, vehicle, structure, or place where beer or intoxicating liquor is manufactured, sold, bartered, possessed, or kept in violation of law, and all property kept and used in maintaining the same, and all property designed for the unlawful manufacture of beer or intoxicating liquor, and beer or intoxicating liquor contained in such room, house, building, boat, structure, or place is a common nuisance.

"An action to enjoin such nuisance may be brought in the name of the state by the attorney general or by any prosecuting attorney of any county or any officer of the law of any municipal corporation or by the department of liquor control.

"Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases. If it appears, by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the beer or intoxicating liquor, property designed for the manufacture of beer or intoxicating liquors, fixtures, or other things, used in connection with the violation of this section, constituting such nuisance.

"No bond shall be required in instituting such proceedings. The court need not find the property involved was being unlawfully used at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall

order that no beer or intoxicating liquors shall be manufactured, sold, bartered, possessed, kept, or stored in such room, house, building, structure, place, boat, or vehicle, or any part thereof.

"Upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building, structure, place, boat, or vehicle shall not be occupied or used for one year thereafter; but the court may permit it to be occupied or used if its owner, lessee, tenant, or occupant gives a bond with sufficient surety, to be approved by the court making the order, in the sum of not less than one thousand nor more than five thousand dollars, payable to the state, and conditioned that beer or intoxicating liquor will not thereafter be manufactured, sold, bartered, possessed, kept, stored, transported, or otherwise disposed of therein in violation of law, and that he will pay all fines, costs, and damages that may be assessed for any such violation. For closing the premises and keeping them closed, a reasonable sum shall be allowed the officer by the court."

The provisions of this section of the Revised Code dealing with the authority of the court to grant a temporary restraining order or a temporary injunction appear in the second and third sentences of paragraph three thereof, namely:

"If it appears, by affidavits or otherwise, to the satisfaction of the court or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the beer or intoxicating liquor, property designed for the manufacture of beer or intoxicating liquors, fixtures or other things, used in connection with the violation of this section, constituting such nuisance."

The statute sets out and, in clear language circumscribes, the authority of the common pleas court with regard to temporary orders granted under favor thereof. By allowing a temporary injunction as prayed for, the trial court did what the law empowered it to do. However, the court went further

in its order and padlocked this establishment and ordered the Sheriff to take possession of the property here involved and to do certain other things until further order of the court. When the court did this, it was ordering something done which is authorized under the above section of the Revised Code on a final hearing and final determination and judgment of the action. It is, therefore, manifest to this court that the Common Pleas Court, in making such an order, went beyond the specific provisions of the section and beyond the scope of its authority and to that extent its action constituted an abuse of discretion.

Under this set of facts, we conclude and hold that, while ordinarily a temporary injunction alone is not a final appealable order, when such order or judgment amounts to an abuse of discretion affecting a substantial right of the appellant, it is appealable. Accordingly, the motion to dismiss the appeal is overruled.

That part of the order of the trial court with respect to the granting of the temporary injunction as prayed for is affirmed. It is further the determination and holding of this court, sua sponte, that in the part of the order of the trial court embodied in paragraph three of its journal entry as above set forth, the court went beyond the authority given to it under the statute and this part of the order and judgment should be and herewith is reversed. Accordingly, the Sheriff of Cuyahoga County is ordered forthwith to remove the padlocks from the premises involved and restore the possession of same to the defendant.

Motion for stay of execution is stricken. Motion to set supersedeas bond is stricken. Cause is remanded to the Common Pleas Court with instructions to carry this judgment into execution.

Exceptions. Order see journal.

KOVACHY, P. J., ARTL and CORRIGAN, JJ., concur.