MEMORANDUM OPINION
{¶ 1} On May 16, 2003, cross-appellee, Woodbridge Condominium Owners' Association, filed a notice of appeal from an April 17, 2003 judgment of the Lake County Court of Common Pleas. On May 21, 2003, a cross-appeal was filed by cross-appellant, Donald Friedland Subsequently, on September 15, 2003, the direct appeal was dismissed for failure to prosecute, leaving only the cross-appeal pending before this court.
 {¶ 2} On October 7, 2003, cross-appellee filed a motion to dismiss the cross-appeal for lack of a final appealable order. Cross-appellant filed a brief in opposition to the motion on November 5, 2003, in which he essentially admitted there may be jurisdictional concerns, but opposed the dismissal of the case. Instead, cross-appellant included a motion to remand this case to the trial court so that the court can enter a final appealable order.
 {¶ 3} From a review of the record, it is apparent that the underlying case commenced with the filing of a complaint by cross-appellee seeking a temporary restraining order, preliminary and permanent injunction, and attorney fees. The essence of the action was an attempt by cross-appellee to prevent cross-appellant from operating a business from his condominium unit.
 {¶ 4} It is clear that the judgment being appealed did nothing more that award cross-appellee attorney fees in the amount of $1,526.75. Furthermore, it is evident from the record that the trial court, while having granted a preliminary injunction earlier, has not yet, in fact, made a ruling on the permanent injunction. It is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order. Farmers Ins. Exchange v. Weemhoff, 5th Dist. No. 02-CA-26, 2002-Ohio-5570, ¶ 10; Lapine v. Cleveland Business Show
(Mar.27, 1986), 8th Dist. No. 50028, 1986 WL 3700, *2; United ElectricalRadio Machine Workers of America v. Kraft (1952), 93 Ohio App. 442,443.
 {¶ 5} A limited exception was carved out to this general rule by the Eighth District Court of Appeals in State ex rel. Cook v. Lakis
(1964), 6 Ohio App.2d 238. There, the court held that the granting of a preliminary injunction is a final appealable order when the court's order constitutes an abuse of discretion affecting a substantial right.
 {¶ 6} The preliminary injunction in the present case does not fall within this limited exception and, if it had, the notice of appeal would have been untimely as it was filed more than thirty days after the preliminary injunction was issued.
 {¶ 7} Accordingly, cross-appellee's motion to dismiss is hereby granted. Cross-appellant's motion to remand the case is overruled. Once the trial court has reached a decision on the permanent injunction, an appeal can be taken.
 {¶ 8} The cross-appeal is dismissed.
Cross-appeal dismissed.
Donald R. Ford, P.J., and Judith A. Christley, J., concur.