[Cite as *Jacob v. Youngstown Ohio Hosp. Co., L.L.C.*, 2012-Ohio-1302.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LEON JACOB, M.D., | ) | |
| | ) | CASE NO.   11 MA 193 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| YOUNGSTOWN OHIO HOSPITAL | ) | |
| COMPANY, LLC dba NORTHSIDE | ) | |
| MEDICAL CENTER, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court,
Case No. 11CV1568.

JUDGMENT:     Appeal dismissed.

APPEARANCES:
For Plaintiff-Appellant:     Attorney Douglas Graff
Attorney Levi Tkach
604 East Rich Street
Columbus, Ohio  43215-5341

For Defendants-Appellees:     Attorney David Moss
Attorney Frank Mazgaj
Attorney Michael Ockerman
3737 Embassy Parkway
P.O. Box 5521
Akron, Ohio  44334

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  March 20, 2012

PER CURIAM.

**{¶1}** Plaintiff-appellant Dr. Leon Jacob appeals the decision of the Mahoning County Common Pleas Court denying his motion for a preliminary injunction. Defendant-appellees Youngstown Ohio Hospital Company, LLC, dba Northside Medical Center, et al. (herein referred to as Northside), moves to dismiss the appeal for a lack of a final appealable order. For the reasons expressed more fully below, the appeal is hereby dismissed for lack of a final appealable order.

<u>STATEMENT OF THE CASE AND FACTS</u>

**{¶2}** Dr. Jacob was terminated from his employment at Northside as a Fourth Year Surgical Resident in March 2011. The magistrate's findings of fact and conclusions of law discuss at length the facts that lead up to Dr. Jacob's dismissal. Dr. Jacob initiated the due process appeal as outlined in Northside's Resident House Manual. In early April 2011 a five member due process panel heard the due process appeal and unanimously upheld the termination decision. Thereafter, Dr. Jacob filed an action in Mahoning County Common Pleas Court against Northside asserting breach of contract, breach of implied covenant of good faith and fair dealing, and tortious interference with contract and employment opportunities. In addition to seeking other relief, Dr. Jacob also requested a preliminary injunction.

**{¶3}** On June 16, 2011 Dr. Jacob filed a Motion for Preliminary Injunction seeking placement back into the program at Northside. There was an extensive three day hearing on the motion. Following the hearing, the magistrate denied the motion and issued findings of fact and conclusions of law. 06/29/11 J.E. and 07/06/11 J.E. Dr. Jacob objected to the findings of fact and conclusions of law and Northside filed responses to those objections. 07/20/11 Objections, 08/12/11 Response in Opposition, 09/09/11 Supplemental Objections, 09/12/11 Response in Opposition to Supplemental Objections, and 09/20/11 Memorandum in Support of Supplement Objections.

{¶4} After reviewing the evidence, the trial court denied the objections, affirmed the magistrate's findings of fact and conclusions of law, and denied the preliminary injunction. This appeal followed.

## ANALYSIS

{¶5} In general, an order denying a preliminary injunction does not qualify as a final order because preliminary injunctions are considered interlocutory, tentative, and impermanent in nature. *N. Fairfield Baptist Church v. G129, L.L.C.*, 12 Dist. No. CA2009-11-281, 2010-Ohio-2543, ¶ 16. However, it will be considered a final order if it meets the requirements of the two-prong test established by R.C. 2505.02. *Id.* That statute, in pertinent part, states:

{¶6} "(A) As used in this section:

{¶7} "* * *

{¶8} "(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction * * *

{¶9} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶10} "* * *

{¶11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶13} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02.

{¶14} Both parties concede that by denying the request for a preliminary injunction subsection (4)(a) is met. Their concessions are correct.

{¶15} The dispute in this case concerns the second element, subsection (4)(b), whether Dr. Jacob would not be afforded a meaningful or effective remedy by an appeal following final judgment.

{¶16} Dr. Jacob argues that there are irreversible effects by his continued preclusion from participation in the residency program that will be exceedingly difficult, if not impossible, to correct by the time the Common Pleas Court renders a final determination on the merits. He contends that his preclusion from the residency program will adversely affect his ability to get board certified. He contends that the American Board of Surgery (Board) requires a resident to do the final two years of a residency at the same accredited education program and that the Board can deny certification based on unacceptable delay in education, if a resident takes an abnormal amount of time to complete the traditional five year residency. It is approaching the one year anniversary of Dr. Jacob's alleged wrongful termination. Therefore, according to him, the length of delay for the case to be decided decreases his chances of board certification. He also contends that without board certification he would not be eligible for staff privileges at a hospital. Thus, he asserts that the practical reality is that he would not be able to be a practicing surgeon without first becoming board certified.

{¶17} Northside claims that the denial of the preliminary injunction does not preclude a meaningful or effective remedy via appeal, following a final judgment. It contends that if Dr. Jacob is unsuccessful at the trial court level, but wins on appeal, reinstatement in the Northside's program as a Fourth Year Resident is an effective remedy.

{¶18} In analyzing whether an appellant would be denied a meaningful or effective remedy if the provisional remedy is not immediately reviewable, the Ohio Supreme Court has explained:

{¶19} "[R.C. 2505.02(B)(4)(b)] recognizes that in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment. In some instances, '[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party." *State v. Muncie*, 91 Ohio St. 3d 440, 451, 746 N.E.2d 1092 (2001).

**{¶20}** Some instances where the provisional remedy has been deemed to be a final order is in cases involving an order compelling the production of documents containing trade secrets, an order compelling the production of privileged communications, an order denying a request to enforce a covenant not to compete, and an order compelling the administration of psychotropic medication to restore a criminal defendant to competency. *Id.* (analyzing order compelling administration of medication); *Callahan v. Akron Gen. Med. Ctr.,* 9th Dist. No. 22387, 2005-Ohio-5103, ¶ 28 (discussing privileged material); *LCP Holding Co. v. Taylor,* 158 Ohio App.3d 546, 2004-Ohio-5324, 817 N.E.2d 439, ¶ 28 (11th Dist.) (discussing trade secrets); *Premier Health Care Serv., Inc. v. Schneiderman*, 2d Dist. No. 18795, 2001 WL 1479241 (Aug. 21, 2001) (analyzing covenant not to compete, loss of market share and trade secrets).

**{¶21}** Conversely, the denial of a preliminary injunction has been held to be nonfinal when the argument that there is no effective remedy via appeal, following a final judgment is based on the claim that the company seeking the preliminary injunction will be forced out of business if the injunction is not granted. *Empower Aviation, L.L.C., v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, 924 N.E.2d 862, ¶ 22-23 (1st Dist). The First Appellate District concluded as such because, given the record, the argument was deemed too speculative. *Id.*

**{¶22}** The situation before us is not akin to an order compelling the production of documents containing trade secrets or privileged material, or an order compelling the administration of a drug. As Northside states, there is an effective and meaningful remedy by replacement in the program as a Fourth Year Resident following final judgment in his favor. Likewise, monetary damages could also be given.

**{¶23}** Dr. Jacob's claim that reinstatement after successfully winning on appeal is not an effective remedy because it delays his education and decreases his chances of becoming board certified is too speculative given the record before us. He claims that the Board "can" deny certification based on an unacceptable delay in education if a resident takes an abnormal amount of time to compete the five year residency. While the Board could deny the certification, it could also still certify him considering the circumstances; there is nothing to suggest that it would automatically deny him

because of the length of delay. In addition to the possibility that the Board could certify despite any delay in his completion of the residency program, there is a possibility that the Board could deny certification for reasons not related to any delay. For instance the Board may not look favorably on the fact that his surgical residency was not renewed at the University of Texas and Northside's program sought to terminate him (either justly or wrongly) based on certain documented incidents. Therefore, any alleged decreased chance of certification is too speculative to support a finding that he would be denied an effective remedy.

{¶24} In addition to the above, it is noted that courts have found that "[i]t is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order." *Obringer v. Wheeling & Lake Erie Ry. Co.*, 3d Dist. No. 3-09-08, 2010-Ohio-601, ¶ 18, citing *Hootman v. Zock,* 11th Dist. No. 2007-A-0063, 2007-Ohio-5619, ¶ 15, quoting *Woodbridge Condominium Owners' Assn. v. Friedland,* 11th Dist. No.2003-L-072, 2004-Ohio-14, ¶ 4. In the case sub judice, the complaint seeks a permanent injunction. Thus, this fact also weighs against finding that the trial court's order denying the preliminary injunction is a final appealable order.

{¶25} That said, it is acknowledged that the Sixth Appellate District has reviewed an order granting a preliminary injunction in favor of a surgical resident. *Grudzinski v. Medical College of Ohio*, 6th Dist. No. L-00-1098, 2000 WL 376401 (Apr. 12, 2000). In that decision, our sister district does not discuss the finality of the order and it does not indicate whether it had already in a previous order determined that the granting of the preliminary injunction was a final appealable order under R.C. 2505.02. We do not know the arguments that might have been presented by the Medical College of Ohio as to why it would not be afforded an effective remedy via appeal, following a final judgment. Furthermore, what justifies a finding for the medical institution that the granting of preliminary injunction for the resident is immediately reviewable, may not justify a finding that the denial of a resident's request for a preliminary injunction is also immediately reviewable. Each party is in a different position. Thus, what supports their respective positions and constitutes a denial of an effective remedy is going to be different. Therefore, the *Grudzinski* opinion does not

provide guidance on the issue of whether the order before us is a final appealable order.

**{¶26}** In conclusion, considering all of the above, we find that the order denying the preliminary injunction does not meet the qualifications in R.C. 2505.02 to be a final appealable order. In our opinion, Dr. Jacob has an effective remedy following a final order; he can be reinstated into the residency program at Northside and monetary damages are an option. The position that he may be denied Board certification is too speculative of a claim and does not indicate that he would be denied an effective remedy. DeGenaro, J., dissents.

Vukovich, J., concurs.
Waite, P.J., concurs.
DeGenaro, J., dissents.